## Aumick *versus* Mitchell.

1. In a suit upon a promissory note where the defence was forgery, before proving the execution of the note, the plaintiff offered in evidence certain records " for the purpose of showing signatures of defendant as samples from which the jury may make comparisons after the court becomes satisfied that the note is sufficiently proven by such means to be submitted to the jury." This evidence under objection was admitted. Plaintiffs then called two experts, who testified to the genuineness of the signature, using these records as the standard for comparison. The note was then given in evidence and the court instructed the jury that evidence may be given by experts in the examination of signatures by comparison to say whether they are genuine or not. *Held* to be error.

2. Evidence by comparison of handwriting is not allowed as independent proof, and the comparison must be made by the jury.

May 29th 1876.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.   WILLIAMS, J., absent.

Error to the Court of Common Pleas of *Wyoming county :* Of January Term 1875, No. 152.   Certified from Eastern District.

This was an action brought by B. C. Mitchell against Andrew Aumick upon the following promissory note :—

" $84.                                     Eaton, December 18th 1868.

On or before the first day of June 1869, for value rec'd, the subscriber, of Eaton P. O., Eaton township, Wyoming county, state of Penna., promise to pay J. K. O'Neil, or bearer, Eighty-four (84) Dollars at Wyoming National Bank with use.

{ 5 cent Rev. stamp }        Signed,            ANDREW AUMICK."

The case came before the lower court on an appeal from a judgment by default before a justice of the peace.

On the trial before Ingham, P. J., the defendant alleged that his signature to the note was a forgery, and the plaintiff, after testifying to the manner in which he obtained the note, and that he gave a valuable consideration therefor, proceeded, without showing the execution of the note, to make the following offer :—

Plaintiff offers notes and records and files from Common Pleas of Wyoming county, for purpose of showing the signatures of A. Aumick as samples from which the jury may make comparison, after the court shall become satisfied that the note is sufficiently proven by such means to be submitted to the jury.

[Aumick *v.* Mitchell.]

Objected to, for the reason that the execution of the note in controversy has not been admitted in evidence, and that the evidence is to the court and not to the jury for comparison of handwriting.

The court admitted the papers, saying:—

"Writings signed by the defendant which are entered of record in the court and which the records show have been brought to his notice, and remain undisputed, may be given in evidence as samples of the defendant's signature, to be considered by the court, in the first instance, on the question of admitting the note in evidence and afterwards submitted to the jury as samples for comparison, if the point is submitted to them."

Defendant's counsel excepted, and bill sealed.

Plaintiff then called two witnesses, who were offered as experts, and who examined the signature of defendant upon these records and files, and comparing them with the signature attached to the note, testified they believed the latter to be genuine.

This testimony was admitted without objection from defendant.

The note was then offered and admitted in evidence.

In the charge, the court said:—

"Evidence may also be given by experts in the examination of signatures, because persons who have been instructed by experience in the examination of signatures may judge pretty accurately *by comparison* whether a signature is genuine or not. In such cases, however, the signatures given *for comparison* must be admittedly or undoubtedly genuine."

The verdict was for the plaintiff, and defendant took this writ, and the errors assigned were: In receiving evidence of signatures of defendant to be compared by the court, and witnesses, with the signature of the note in controversy, to prove its execution, and thereby get the note before the jury; and to the instruction of the court contained in the portion of the charge quoted.

*P. M. Osterhout*, for plaintiff in error.—The comparison of handwriting can only be made by the jury, and it is not allowed as independent proof: Bank *v.* Whitehill, 10 S. & R. 110; Lodge *v.* Phipher, 11 Id. 333; Phila. & West Chester Railroad Co. *v.* Hickman, 4 Casey 318; Guffey *v.* Deeds, 5 Id. 378; Travis *v.* Brown, 7 Wright 9; Baker *v.* Haines, 6 Whart. 284; Haycock *et al. v.* Greup, 7 P. F. Smith 438.

*W. E. & C. A. Little*, for defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, June 9th 1876.

This was a suit upon a promissory note. The defendant alleged that the signature was a forgery. The plaintiff offered in evidence certain records and files from the Court of Common Pleas of Wyoming county, "for the purpose of showing the signatures of A.

[Aumick v. Mitchell.]

Aumick, the defendant, as samples from which the jury may make comparison, after the court shall become satisfied that the note is sufficiently proven by such means to be submitted to the jury." This offer was objected to by the defendant's counsel; the objection was overruled and the evidence received.   Two experts were then examined, without objection on the part of the defendant, who testified to the genuineness of defendant's signature, by comparison of handwriting, using the records referred to as the standard.   The court then proceeded to charge the jury as follows: "Evidence may also be given by experts in the examination of signatures, because persons who have been instructed by experience in the examination of signatures may judge pretty accurately by comparison whether a signature is genuine or not."   All this was error.   There was no evidence to entitle the note to go to the jury.   Not a witness had been called to prove the signature.   Evidence by comparison of handwriting is not allowed as independent proof.   And the comparison must be made by the jury, not by experts: Travis v. Brown, 7 Wright 9; Haycock v. Greup, 7 P. F. Smith 438.   The only embarrassment about the case is that the testimony of the experts was received, and the note was submitted to the jury without objection.   So that while there was a palpable mistrial the grounds upon which we can reverse are limited.   There was an objection, however, to the admission of the records and files of the court containing the signature of the defendant, for the purpose of establishing a standard, and this error will enable us to send the case back for another trial.

Judgment reversed, and a *venire facias de novo* awarded.