## Berryhill *versus* Kirchner.

1. A mortgage is the conveyance of an estate or property by way of pledge for the security of a debt and to become void on the payment of it.

2. Where a mortgagor has parted with his estate, but the recorded title still remains in him, his mortgagee will take no title.

3. The fact that such a mortgagor paid a portion or even the whole of the proceeds of the mortgage to the heirs, who owned the fee, or in relief of the estate, is of no consequence if the heirs were minors, and had no power to assent to such an encumbrance.

4. The sheriff's vendee of mortgaged premises stands upon the equities of the mortgagee.

5. Where one claiming to own the fee is in possession all parties in interest are presumed to have notice of all the necessary particulars of the title.

6. Evidence by comparison of handwriting is not allowed as independent proof, and the comparison must be made by the jury and not by experts. Aumick *v.* Mitchell, 1 Norris 211, followed.

November 3d 1879. Before Sharswood, C. J., Mercur, Gordon, Paxson and Trunkey, JJ. Sterrett and Green, JJ., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1879, No. 279.

Ejectment by John H. Kirchner against Alexander Berryhill, for a lot of ground in the Fourth ward of the city of Allegheny.

On the 8th of May 1866, Alexander Berryhill, Sr., was the owner of a lot of ground in Allegheny city, of which the premises in dispute formed a part. At that time he executed and delivered to Eliza Rector (now Eliza Barndollar), a deed for said lot. No consideration passed for said deed, and it remained unrecorded until the 4th of January 1868. It was claimed by defendant that on the 29th of June 1868, Mrs. Rector reconveyed said lot of ground to Berryhill, by deed recorded December 4th 1876. Berryhill was in possession of the property when he made the deed to Mrs. Barndollar, and never left the possession, but continued there until his death, which occurred in September 1871. At the time of Berryhill's death, his deed from Mrs. Rector was not recorded. On the 20th of May 1876, Mrs. Barndollar (formerly Rector), with her husband, executed a mortgage on said premises for $1350 in favor of A. L. McGeary, a real estate broker. No money passed on this mortgage until December 29th 1876, when it was sold and

[Berryhill *v.* Kirchner.]

assigned to H. S. McGeary. At this time the deed of Mrs. Rector to Berryhill had been recorded twenty-five days. Of the proceeds of this mortgage, $300 or $400 was given by Mrs. Barndollar to Mrs. Elizabeth Hibler, wife of the guardian of the Berryhill heirs. Mrs. Barndollar retained $150. A portion was applied to payment of some small liens against the property, and the costs of negotiating the mortgage. What became of the balance did not appear.

The mortgage was foreclosed in default of payment of interest, and the premises sold by the sheriff to John H. Kirchner. At the sale, notice was given that the title to the premises was not in the mortgagors, but in the Berryhill heirs. At the time the mortgage was negotiated, some of the Berryhill heirs were in actual visible and notorious possession of the premises with their guardian, Samuel Hibler, and so continued until after the sheriff's sale. Mrs. Barndollar denied that she ever executed the deed of June 29th 1868. She acknowledged the signatures to the mortgage in evidence, and to her deposition.

Defendant then offered to prove by W. T. Lindsay, an expert, that the signature to the deed of June 29th 1868, was made by the same person who signed the mortgage and deposition. This offer was objected to by plaintiff, and objection sustained by the court. (First assignment of error.)

The plaintiff presented the following point, to which is appended the answer of the court :—

That the plaintiff's title dates back to the date of the recording of the mortgage on which the property was sold, viz.; to May 21st 1876.

Ans. " That, as a general proposition, is affirmed, and the plaintiff has made out a good prima facie case to you, and unless the defendant satisfies you that this deed is genuine, and that notice was given and that he was in possession as alleged, he cannot recover. If he does satisfy you of that, and you believe the money was put into this very property for the benefit of the heirs, and they got the benefit of it, then your duty would be to find for the plaintiff." (Fifth assignment.)

The defendant submitted the following points, all of which the court refused :—

4. If Kirchner knew, at the time he purchased, of the unrecorded deed of the defendant, the deed will take precedence. (Second assignment.)

5. That if Kirchner purchased with knowledge of defendant's unrecorded title, he became trustee of defendant. (Third assignment.)

7. If the holder of an earlier deed have it recorded before the sale to a vendee from one who had a recorded title of a subsequent

date to deed unrecorded, the recording of the deed operates as notice. (Fourth assignment,)

In the general charge, the court, Collier, A. L. J., inter alia, said:—

" It is claimed Mrs. Barndollar raised the money on this mortgage and applied it honestly to the payment of liens, and that she gave $300 or $400 to the wife of the guardian, who had these little children to take care of, and that the amount was not more than it was worth. I think if that was honestly done, it would give a right in equity to the purchaser of this mortgage who paid his money, to whatever amount was honestly put into this very property for the benefit of these heirs and children. * * * (Sixth assignment.)

" If you find that the deed from Mrs. Rector to Berryhill was a genuine deed, and it was put upon record before McGeary purchased the mortgage, if he was the first purchaser of it, if it was given first to a broker and then transferred, and the deed was put on record before he purchased, and the defendant was in possession, old man Berryhill to the time of his death and his children afterward, then your verdict should be for the defendant, unless you believe that this money was put into the property and was reasonably expended on behalf of the property and the heirs. In that event, the plaintiff would be entitled to recover." (Seventh assignment.)

Verdict for plaintiff, and after judgment defendant took this writ and alleged that the court erred as set forth in the above assignments of error.

*J. McF. Carpenter* and *W. A. Stone*, for plaintiff in error.

*Barton & Sons*, for defendant in error.

Mr. Justice GORDON delivered the opinion of the court, November 24th 1879.

A mortgage is the conveyance of an estate or property by way of pledge for the security of debt, and to become void on payment of it: 4 Kent's Com. 136.

If this definition of a mortgage be a true one, and we presume no one will doubt it, and if Mrs. Barndollar (formerly Rector), had parted with her estate in the premises in controversy previously to the 20th of May 1876, then it is certain she had, at that time, no estate to pledge and her mortgage was good for nothing. That the Berryhill heirs received from her a portion, or even all, of the proceeds of that mortgage, comes to nothing, for it does not appear that they assented to or indeed knew that Mrs. Rector had thus attempted to encumber their estate. Indeed it does not appear that these heirs were, at that time, *sui juris ;* that they had the power, even if they had the will, to assent to such an encumbrance. What then does it amount to, that she, of her own motion, made a gift to

[Berryhill *v.* Kirchner.]

them of part of the money so raised, or paid it in relief of the estate? She was in this but a volunteer and her mortgagee could claim no benefit from an act or acts of that kind. Had the Berryhill heirs been of age at the time of the execution of the mortgage—had they been privy thereto, or perhaps had they afterwards, though ignorant of the mortgage at the time of its execution, received the money knowing whence it came and how it was raised, they might have been estopped from setting up their title as against the mortgagee. But, of all this there is not one particle of evidence; on the other hand, it would seem from parts of the learned judge's charge, that these heirs, or some of them, were minors—"little children," and therefore incapable of the performance of an act that would estop them. The fifth, sixth and seventh assignments, so far as they embrace exceptions to the submission to the jury of this kind of evidence, are sustained.

The court was right in refusing to receive the evidence of an expert to prove that the signature to the deed, from Mrs. Rector to Alexander Berryhill, was made by the same person who signed the mortgage. This was but an attempt to prove handwriting by comparison with other signatures of the same parties, and was, therefore, not within the rulings of Ballentine *v.* White, 27 P. F. Smith 20, or Reese *v.* Reese, 9 Norris 89, but it does fall directly within the case of Aumick *v.* Mitchell, 1 Norris 211, wherein it is said, by Mr. Justice PAXSON, "evidence by comparison of handwriting is not allowed as independent proof. And the comparison must be made by the jury, not by experts."

The second, third and fourth assignments are not sustained; that the purchaser at sheriff's sale had notice of the conveyance from Mrs. Rector to Berryhill was of no moment if the mortgagee had no such notice, for the sheriff's vendee stands upon the equities of the mortgagee.

Neither do I see how this could become important, for, when the mortgage was executed, and down to the present time, the Berryhills were and still are in possession, therefore, presumptively, all parties in interest had notice of all the necessary particulars of the title, and hence, the main, if not the only, question in the case is, did Mrs. Rector execute the Berryhill deed, or was it, as the plaintiff contends, a forgery? The answer to this question, by the jury, must, so far as the evidence now appears, definitely determine this case.

The judgment is reversed, and a new venire awarded.