## Pratt to use *v.* Waterhouse et al.    Collins's Appeal.

*Execution—Equity—Mortgage—Release of timber.*

The owner of a second mortgage who has released the timber on the land from the lien of his mortgage, and then taken an assignment of a judgment on the first mortgage, will not be permitted to issue an execution on the judgment and sell both the land and timber. In such a case the court will confine the execution to the land alone in the first place, and will only order a sale of the timber if the proceeds of the sale of the land are insufficient to satisfy the first mortgage.

A vendee of the timber is not limited to a proceeding under the act of April 22, 1856, § 9, P. L. 534; nor is the plaintiff in the execution entitled to have a tender of his whole debt as an alternative to the court's control of his execution.

Argued Oct. 4, 1893.   Appeal, No. 252, Oct. T., 1893, by T. D. Collins, terre tenant, from order of C. P. Forest Co., Aug. T., 1892, No. 24, refusing to open judgment and stay execution, in Charles W. Pratt et al., to use of Fredonia National Bank of New York v. J. A. Waterhouse et al.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Rule to open judgment, etc.   Before NOYES, P. J.

From the record it appeared that, on Oct. 10, 1890, J. A. Waterhouse purchased certain lands from plaintiffs, and gave a mortgage to secure balance of purchase money.   The Fredonia National Bank took a second mortgage on the same premises.   In September, 1891, T. D. Collins bought and took a conveyance of the timber on the mortgaged premises from Waterhouse.   The bank consented to this sale of the timber, and received the purchase money from it.   Subsequently the owners of the first mortgage obtained a judgment, which was subsequently assigned to the bank.   Execution was issued and the land was sold to the cashier of the bank.   On Jan. 17, 1893, Collins procured the sale to be set aside, on giving bond to increase the bid at the next sale.   The court also directed as follows : " It is further ordered that if the above conditions be complied with, that on a resale the sheriff shall first offer the land, reserving the timber sold to the petitioner, and shall not sell said timber unless it be necessary to do so to satisfy liens in his hands."   On Feb. 27, 1893, the court vacated the portion of the order quoted above.   On Sept. 1, 1893, the court refused to grant a rule to open the judgment and stay proceedings.

*Errors assigned* were (1) in vacating above order; (2, 3) in not granting rule to open judgment, etc.

*Samuel T. Neill, T. F. Ritchey* with him, for appellant.— Plaintiffs should have been required to sell the land first: Mevey's Ap., 4 Pa. 80 ; Cowden's Est., 1 Pa. 279 ; Nailor v. Stanley, 10 S. & R. 450 ; act of April 22, 1856, § 9, P. L. 534 ; Arna's Ap., 65 Pa. 72 ; Roddy's Ap., 72 Pa. 98.

The use plaintiff cannot enforce the collection of this judg-

ment against appellant's timber: Baird v. Corwin, 17 Pa. 463; Ackla v. Ackla, 6 Pa. 228; Lowry v. McKinney, 68 Pa. 294; Mevey's Ap., 4 Pa. 80; Martin's Ap., 97 Pa. 85; Milligan's Ap., 104 Pa. 503; Chase v. Hubbard, 99 Pa. 226; Mott v. Clark, 9 Pa. 399.

Appellant as a terre tenant has a right of appeal to this court from the decree of the court below: Act of May 22, 1722, 1 Sm. L. 131; Cadmus v. Jackson, 52 Pa. 295; Fraley v. Steinmetz, 22 Pa. 437; Mevey's Ap., 4 Pa. 80; act of May 20, 1891, P. L. 101.

*M. H. Byles, W. D. Brown* and *P. M. Clark* with him, for appellees.—If appellant had had notice of the proceedings to foreclose taken by Pratt and Phillips, he might have availed himself of the provisions of the act of April 22, 1856; that is, he might have offered to Pratt and Phillips the alternative of selling the estate of Waterhouse alone in the mortgaged premises or of accepting the amount of their judgment and making assignment of it to him.

Where a remedy is provided by act of assembly, the directions of the act must be strictly pursued: Act of March 21, 1806, 4 Sm. L. 326; act of April 22, 1856, P. L. 534; Arna's Ap., 65 Pa. 72; Phelps's Ap., 98 Pa. 546.

OPINION BY MR. JUSTICE MITCHELL, October 30, 1893:

We must assume, as it is averred by appellant, and not denied by plaintiff, that the bank as holder of the second mortgage consented to the sale of the timber by the mortgagor to appellant, and accepted the purchase money. This was equivalent to a release of the timber from the lien of its mortgage, and it has now no right to levy upon or sell the timber under that mortgage. It is precisely analogous to the release of a portion of the mortgaged premises. Its claim against such released portion is gone, and as against an intervening purchaser cannot be revived. But Pratt and Phillips had the first lien, on the timber as well as the land, and it is claimed that the bank by purchasing their judgment acquired all their rights. This, as an ultimate right, to obtain satisfaction of the judgment, may be conceded, but it cannot be used to obtain payment of the bank's original second mortgage out of the timber which it has

released from that lien. The appellant's petition presents a clear case for the equitable control of the order of execution, on the principles established in the line of cases from Mevey's Appeal, 4 Pa. 80, to Martin's Appeal, 97 Pa. 85.

Nor is the appellant limited as the appellee argues to a proceeding under the act of 22 April, 1856, sec. 9, P. L. 534. The purpose of that act was to provide a speedy and effectual process for certain clear cases of equitable rights of terre tenants and vendees, without interference with the rights of the judgment plaintiff. The latter has, says SHARSWOOD, J., in Arna's Appeal, 65 Pa. 72, "an unquestionable judgment against all the lands of his debtor, the defendant. He has a right to proceed against any part. He cannot, in law or equity, be obliged to wait until the terre tenants have settled their equities between themselves." It was accordingly held in that case that the plaintiff must be presented with the alternative either to levy his execution in the order directed by the court, or to accept his debt and assign his judgment to the terre tenant having an equity of subrogation. What is said in that case, and in Phelps's Appeal, 98 Pa. 546, as to the exclusiveness of the remedy under this statute, and the application of the act of 21 March, 1806, must be limited strictly to the cases then in hand. This was expressly held in Milligan's Appeal, 104 Pa. 503, where it was said that the act of 1856 "did not give the equity, or the right to substitution. It provides merely the mode of enforcing such right in certain cases."

It is well settled that the jurisdiction of equity is not taken away by the subsequent establishment of a remedy in the courts of law. This is the recognized rule in Pennsylvania, Wesley Church v. Moore, 10 Pa. 273 ; and notwithstanding the act of 1806, remedies at law and in equity may co-exist, and be concurrent and at the election of the plaintiff. Aycinena v. Peries, 6 W. & S. 243, 257 ; Biddle v. Moore, 3 Pa. 161, 176 ; Church v. Ruland, 64 Pa. 432.

This is not a case where the plaintiff is entitled to have a tender of his whole debt, as an alternative to the court's control of his execution. Such privilege under the act of 1856 is confined to the cases described by SHARSWOOD, J., in Arna's Appeal, supra, where the plaintiff has a clear right to proceed against any part of the debtor's land, and the equity arises be-

tween the terre tenants without any fault of his. It may be conceded that Pratt and Phillips, having done nothing to raise any equity to the contrary, had such right against the appellant, but when the bank bought their judgment it bought subject to the equity which its own act had raised as to the timber. Having released that from the lien of the second mortgage, the bank cannot now enforce that lien through its present ownership of the prior judgment. Should it be necessary for the payment of that judgment to sell the timber, it may be done, but not otherwise. If the land alone will produce enough to pay that first incumbrance, then the timber is released.

There does not appear to be any dispute as to the facts, and therefore no need to open the judgment. The relief desired can be obtained by controlling the execution.

The order of February 27, 1893, vacating a portion of the order of January 17, 1893, is reversed, and the order of January 17, 1893, directing the sheriff to first offer the land, reserving the timber, etc., is reinstated and affirmed. Costs to be paid by appellee, the Fredonia National Bank.