Fredonia National Bank, Assignee of J. A. Waterhouse
*v*. Andrew Borden et al.  T. D. Collins's Appeal.

*Mortgage—Affidavit of defence—Terre tenant of timber.*

An affidavit of defence to a scire facias sur mortgage by a terre tenant of timber is sufficient which avers that at the time the terre tenant bought the timber the owner of the land obtained the consent of the plaintiff to make the sale, and the purchase money paid by the terre tenant to the owner was paid over to and received by plaintiff with full knowledge that it was the proceeds of the sale of said timber.

Argued Oct. 1, 1894.  Appeal, No. 6, Oct. T., 1894, by terre tenant, from order of C. P. Forest Co., Feb. T., 1893, No. 53, making absolute rule for judgment for want of sufficient affidavit of defence.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Reversed.

Rule for judgment for want of a sufficient affidavit of defence in sci. fa. sur mortgage.  Before NOYES, P. J.

T. D. Collins, terre tenant of timber, was permitted to intervene; he filed an affidavit of defence in which he averred:

" That he purchased, on Sept. 3, 1891, from J. A. Waterhouse, the timber on the whole or a part of the mortgaged premises, and took a deed of conveyance thereof.  That at the time of said sale the said J. A. Waterhouse obtained the consent of said plaintiff to make the same, and the purchase money paid by affiant to said Waterhouse was paid over to and received by plaintiff with full knowledge that it was the proceeds of the sale of said timber.  That affiant paid $3,000 for said timber, which was its fair value at the time.  Wherefore, your affiant avers that if said mortgage ever was a lien upon the estate in the timber now held and owned by him, the said timber was redeemed therefrom and the lien thereon satisfied and extinguished by the plaintiff's receipt of the proceeds of the sale thereof.  That affiant will prove on the trial of this case the facts hereinbefore set forth."

Rule for judgment absolute.  The terre tenant appealed.

*Error assigned* was above order.

*Samuel T. Neill*, *T. F. Richey* with him, for appellant, cited :
Collins's Ap., 158 Pa. 45 ; Hoskin v. Woodward, 45 Pa. 42.

*M. H. Byles*, *J. M. McClure* and *P. M. Clark* with him, for
appellee, cited : Dutill v. Sully, 9 W. N. 573 ; Endlich, Aff.
Def. 301, 307 ; Eshleman v. Bolenius, 8 Lanc. 9 ; Peck v. Jones,
70 Pa. 83 ; Mitchell on Motions and Rules, 66, 67.

OPINION BY MR. JUSTICE McCOLLUM, Jan. 21, 1895 :

The appellant having purchased the timber on three hun-
dred acres of land included in several mortgages on which suits
were brought, was allowed " to appear and defend in said suits
as a terre tenant " of the timber right and estate he acquired
by his purchase.  In this suit, and in No. 7, October Term,
1894, he filed an affidavit of defence in which he averred that
the timber was sold to him with the knowledge and consent of
the plaintiff and that the latter received the entire proceeds of
the sale of it.  In No. 8, October Term, 1894, he filed an affi-
davit in which he stated that he was informed, and that he
believed and expected to be able to prove on the trial of the
case, that one of the mortgagees assented to and advised the
sale of the timber to him and received the benefit of it in the
application of its proceeds to the extinguishment of the mort-
gage debts upon the premises, and that he consented to such
application.  Inasmuch, however, as it appears to be conceded
that the Fredonia National Bank is the real plaintiff in all the
suits and was the owner of the mortgages when the timber
was sold, there is but one question for our determination, and
that is, whether the bank, having consented to and received the
proceeds of the sale of the timber, can now appropriate it on
either of the mortgages in suit.  The learned court below
thought it could do so, and accordingly entered a judgment in
each case in favor of the plaintiff, for want of a sufficient affi-
davit of defence.  In justice to that court it ought to be stated
in this connection that the judgments were entered before the
decision of this court in Pratt et al. to use etc. v. Waterhouse
et al., 158 Pa. 45, was announced.  The use plaintiff in that
case is the use plaintiff in the cases we are considering, and
the decision in the former was based on the facts relied on as a
defence to the latter.  In the case referred to we decided that

the bank's consent to the sale of the timber and its acceptance of the proceeds of the sale operated as a release of the timber from the lien of the mortgages it then held, and raised an equity in the purchaser which required that in enforcing a judgment on a first mortgage which it purchased more than a year after the sale the execution should be confined, in the first place, to the land. It was conceded that Pratt and Phillips, the assignors of the mortgage, had done nothing to raise the equity, and the decision was distinctly based upon the ground of the bank's consent to the sale of the timber and its acceptance of the proceeds of such sale. It is clear therefore that the decision in the case cited requires a reversal of the judgments in the cases before us. But aside from this decision the injustice of allowing the plaintiff to sell the timber on either of the mortgages in suit, and to retain the proceeds of a former sale to which it consented, is so obvious, that the appellant should have an opportunity to establish the facts interposed by him as a defence.

The judgment in No. 6 is reversed and a procedendo is awarded.

Judgments in Nos. 7 and 8, Oct. T., 1894, reversed for reasons given above.