## Dick v. Miller.

*Evidence—Handwriting—Expert—Corroborative proof.*

1. In the absence of direct or primary evidence of a forgery, specimens of the alleged forger's handwriting may not be submitted to the jury for the purpose of comparing them with the writing alleged to have been forged.

2. Where a witness testifies that certain words written on the margin of a lease were in the handwriting of the lessor, expert testimony is inadmissible to show that they were in the handwriting of the witness himself, if there is no direct or primary evidence in the case that the words in question were written by the witness.

3. In such case the opinion of an expert is only admissible in corroboration of direct or primary evidence of the fact alleged.

*Assumpsit.* Motion for new trial. C. P. Adams Co., Jan. T., 1920, No. 81.

*Butt & Butt,* for plaintiff; *William Hersh,* for defendant.

McPHERSON, P. J., Jan. 21, 1922.—John F. Dick, the plaintiff, by an article of agreement, rented on shares from J. L. Benedict, for the year beginning April 1, 1918, and ending April 1, 1919, a farm, situate in Straban Township, Adams County, Pennsylvania. John Miller, the defendant, rented the same farm for the year beginning April 1, 1919, and ending April 1, 1920. In the fall of the year of 1918, John F. Dick put out the fall grain, and in the harvest of 1919 the defendant harvested this crop, denying to Dick the right to return and cut, harvest and thresh the grain crop as the way-going crop.

By reason of this denial of the plaintiff's alleged right to return and harvest the way-going crop, this suit was instituted.

The article of agreement entered into between the plaintiff and J. L. Benedict had written on its margin the words, "to leave the crop in the ground." It was conceded on the part of both the plaintiff and the defendant, that if those words were properly a part of the agreement between Benedict and Dick, they referred to the way-going grain crop to be harvested in the summer of 1919. It was asserted, however, on the part of the plaintiff, that, at the time the agreement was executed by him and J. L. Benedict, no such words were on the margin of the agreement or incorporated therein.

On behalf of the defendant, Daniel T. Benedict, the father of J. L. Benedict, was called as a witness, and testified that, prior to the execution of the agreement by J. L. Benedict and the plaintiff, it was brought to the witness's home in Franklin County by J. L. Benedict, who, just before leaving for his home in Gettysburg, showed it to the witness; that the witness read it over and said it omitted any reference to leaving the way-going crop in the ground, and suggested this should be incorporated; that thereupon J. L. Benedict rested the paper on the steering-wheel of his automobile, in which he was sitting at the time, and wrote the words "to leave the crop in the ground" on the margin of the agreement as it appeared at the time of the trial. On cross-examination, the defendant asked the witness to write the words "to leave the crop in the ground." This was done by the witness, under objection on the

part of the defendant. Later, on the part of the plaintiff, the words so written by the witness, namely, "to leave the crop in the ground," were offered in evidence for inspection by the jury and comparison thereof by them with the writing on the agreement for the purpose of proving that the words "to leave the crop in the ground" on the original agreement were in the handwriting of the witness, and not in the handwriting of J. L. Benedict, as testified to by the witness, this for the purpose of contradicting the witness, and for the further purpose of proving that the words "to leave the crop in the ground" were not on the original agreement at the time it was executed by Benedict and Dick. The objection to this offer was sustained and exception noted for the plaintiff. The plaintiff then offered to prove by I. L. Taylor, cashier of the Gettysburg National Bank, as an expert in handwriting, that the words on the original agreement, "to leave the crop in the ground," were in the handwriting of the witness, using the specimens of handwriting made by the witness on the stand as a basis of comparison; this for the purpose of contradicting the witness as above set out, and proving that at the time of the execution of the agreement the words "to leave the crop in the ground" were not on the margin of the original agreement. Objection to this offer was sustained and exception thereto noted. After verdict by the jury in favor of the defendant, the plaintiff moved for a new trial, and, on argument thereof, urged as reasons for granting the same: that the court erred in its ruling, in relation to the admission of the paper written by the witness and the testimony of the experts in relation to the handwriting on the original agreement, based on a comparison with the writing of the witness.

Assuming that the testimony offered tended to establish a contradiction of the witness, and that the words were not on the original lease when signed by J. L. Benedict and the plaintiff, yet we are of the opinion that the evidence was properly rejected. The testimony of the witness, Daniel T. Benedict, was that the words "to leave the crop in the ground" were written by J. L. Benedict under the circumstances detailed by him. The rejected evidence was offered to prove by inference from comparison of the writings by the jury, and from the opinion of the expert, that the writing on the original agreement was not the writing of J. L. Benedict, but was the writing of Daniel T. Benedict, the witness.

Under the authorities in Pennsylvania, the paper written by the witness and the expression of an opinion by an expert based on a comparison thereof with the original agreement were not direct or primary evidence of the facts alleged to be established by them; namely, that the writing on the original agreement was in the writing of the witness; but were admissible only as corroborative of direct or primary evidence of the fact alleged to be established by them: Haycock v. Greup, 57 Pa. 438; Aumick v. Mitchell, 82 Pa. 211; Berryhill v. Kirchner, 96 Pa. 489; Fulton v. Hood, 34 Pa. 365; Burkholder's Executor v. Plank, 69 Pa. 225; McWilliams's Estate, 259 Pa. 526.

At the time the offers were made there was no direct or primary evidence in the case that the words on the margin of the original agreement were written by the witness to which the testimony offered could be corroborative, and it was, therefore, inadmissible and properly rejected.

We are, therefore, of the opinion that no error was committed in sustaining the objection on the part of the defendant to the offers made, and that a new trial should not be granted.

And now, Jan. 21, 1922, motion for new trial is dismissed and judgment is directed to be entered upon the verdict.

From John P. Sipes, McConnellsburg, Pa.