# Leyer, Appellant, v. Keal and George.

*Mortgage—Sheriff sale—Sale of timber—Passage of title.*

In an action of trespass to recover damages for cutting and removing timber from plaintiff's land, the testimony showed that prior to the sheriff's sale under a mortgage, defendant purchased the timber from the mortgagor with the consent of the mortgagee, who received the proceeds to apply on the mortgage. The mortgagor's grantee had also delivered a deed of the timber to the defendant before the sheriff's sale.

Under such circumstances a sheriff's sale of the mortgaged land was ineffectual to pass the title to the timber.

Where a mortgagee consents to a sale of timber on a tract covered by a mortgage and receives the proceeds therefrom, the lien of the mortgage is discharged from the timber, and a sale under the mortgage will not pass title to the timber.

Argued November 22, 1927. Appeal No. 65, October T., 1927, by plaintiff from judgment of C. P. Carbon County, October T., 1916, No. 38, in the case of John Leyer v. William Keal and Levi D. George. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for cutting and removing timber. Before BARBER, P. J., without a jury.

The opinion of the Superior Court states the facts.

The court entered judgment in favor of defendant. Plaintiff appealed.

*Error assigned,* among others, was the entry of judgment.

*Freyman, Thomas & Branch,* for the appellant, cited: In re: Lukens, 138 Fed. Rep. 188; Shields v. Pittsburgh, 252 Pa. 74; Angier v. Agnew, 98 Pa. 587; Devlin v. Collier, 53 N. J. L. 422; Greve v. Coffin, 14 Minn. 345; 100 Am. Dec. 229; Dutton v. Warschauer, 21 Cal. 609, 82 Am. Dec. 765; Hill v. West, 8 Ohio 222, 31 Am. Dec. 442; Ferguson v. Rafferty, 128 Pa.

338; Friedley v. Hamilton, 17 S. & R. 70-71; Kerns v.
Swope, 2 Watts 75; Stewart v. Dampman, 4 Pa. Superior Ct. 540.

*J. C. & A. S. Loose,* and with them *James M. Breslin,*
for appellee, cited: Moore v. Adams, 29 Pa. Superior
Ct. 239; Ackla v. Ackla, 6 Pa. 228; Collins' Appeal,
166 Pa. 177; Bank v. Perrin, 172 Pa. 15; Pratt v.
Waterhouse, 158 Pa. 45; Estate of James Hunter, et
al., 257 Pa. 32; Tarr et al. v. Robinson et al., 158 Pa.
60; Berryhill v. Kirchner, 96 Pa. 489; Faull v. Tins-
man, 36 Pa. 108.

OPINION BY HENDERSON, J., March 2, 1928:

The plaintiff relies on a title acquired at a sale by
the sheriff on a judgment obtained on a mortgage
given by August Huseman to Jonas Snyder, on Jan-
uary 8, 1897, on 768 acres of land, the indebtedness
secured being $700. The action is trespass for cutting
timber, a part of which was on the Huseman tract and
a part on an adjoining body of land known as the
Green tract. The principal controversy relates to the
timber cut on the Huseman tract, the inquiry being
whether the sheriff's sale passed title to the timber
on that tract to the plaintiff. In June, 1900, Huseman
and his wife sold the land to their daughter, Louisa
Detweiler, by deed duly executed and recorded. Jonas
Snyder died in August, 1905, intestate, and letters of
administration were issued to his son, John Snyder,
and to Suzanne Snyder. On March 5, 1906, August
Huseman, claiming to have an interest in the timber,
gave an option to William Keal to purchase all the
merchantable timber on the tract. A few days there-
after Huseman, Keal and John Snyder, administrator
of Jonas Snyder, had a meeting, at which Keal told
Snyder he had bought the timber from Huseman, and
would pay for it if they would release the mortgage.
To this Snyder assented. Keal then gave a check to

the order of Huseman for $550 which was endorsed by the payee and delivered to Snyder, the administrator, by whom the money was collected and credited on the mortgage. Snyder said he was satisfied with the arrangement and told Keal to go ahead and remove the timber. In February of the year following Snyder sold the mortgage to Emery Getz, for about $300, at which time he informed Getz that the timber on the land had been released from the lien of the mortgage. Getz issued a scire facias on March 6, 1907, and in April of the same year took judgment against August Huseman, the mortgagor, and Louisa Detweiler as terre tenant. The latter delivered a deed to William Keal for the timber growing on the tract on June 14, 1907. The sheriff's sale on the mortgage took place June 9, 1911, at which time Keal gave notice to bidders that he was the owner of the timber. On this state of facts, the trial judge who, by agreement, heard the case without a jury, found in favor of the defendants with respect to the Huseman tract on the ground that the transaction between Keal, Huseman and John Snyder at the time when the payment of $550 was made on the mortgage amounted to a release of the lien of the mortgage on the timber and that the sheriff's sale, after notice to the purchaser, was ineffectual to pass the title to the timber. The rule is well established that where a mortgagee consents to and receives the proceeds for a sale of timber on a tract covered by a mortgage, the lien of the mortgage is discharged from the timber, and a sale under the mortgage will not pass the title. Such a release or agreement may be established presumptively by proof of declarations and acts inconsistent with the continuance of the mortgage as well as by express proof: Ackla v. Ackla, 6 Pa. 228; Pratt v. Waterhouse, 158 Pa. 45; Bank v. Perrin, 172 Pa. 15. It is argued by the appellant that the release of the lien could not be

operative because Huseman had not title to the property at the time when the payment was made on the mortgage; he having prior to that time conveyed the land to his daughter, Mrs. Detweiler. Apparently he claimed some interest in the land or timber and was either acting for himself or his daughter in the transaction. However that may be, Mrs. Detweiler, as above noted, granted the timber to Keal, Huseman's grantee, long before the sheriff's sale. If Huseman were without title, the release would still be effective in relief of Mrs. Detweiler. The payment on the mortgage resulted in the dimunition of the burden on the land, and on the ground of implied benefit, the assent of the donee will be presumed, and the right would vest although the owner of the land was ignorant of the transaction, unless it appeared that he had refused to accept the benefit: Tarr et al. v. Robinson et al., 158 Pa. 60. The appellees are not compelled to rely on a presumption of acceptance however, for the court found that Mrs. Detweiler sold the timber to Keal by deed, dated, June 14, 1907; the effect of which was that any interest which Huseman may have had in the timber was united with the record title held by Mrs. Detweiler. Treated as a release or assignment the transaction is not affected by the Statute of Frauds: Ackla v. Ackla, supra; Whitehill v. Wilson, 3 P. & W. 405. The consideration for the release was a valuable one, to wit, the payment of a large part of the mortgage; the land without the timber being considered by the administrator an abundant security for the remainder of the debt. Importance is attached by the appellant to the fact that there was a time limit of four or five years set for the removal of the timber when the payment was made, but that is not a matter of which the appellant can take advantage. Huseman at the time did not have title to the land, nor was the Snyder estate interested in the timber after the release

became effective. As to it, the release must necessarily have been continuous. When once removed the lien of the mortgage as to the timber could not be restored by lapse of time. If as has been indicated the payment inured to the benefit of Mrs. Detweiler there was no agreement on her part for a removal at any particular time. The important fact for consideration is that so far as the appellant is concerned, the grip of the mortgage on the timber had been relaxed before his title was acquired, and of that fact he and the plaintiff in the execution had timely notice. Getz admitted that he knew the timber was sold to Keal and that his mortgage was only for $300. The finding of the court of the release of the mortgage is sustained by the evidence and the plaintiff, as a sheriff's vendee, must stand on the equities of the mortgagee as he had notice of Keal's title: Berryhill v. Kirchner, 96 Pa. 489. Complaint that the court failed to allow at least nominal damages with respect to the Huseman tract, cannot be sustained. The only demand in the declaration was damages for cutting and removing timber of a stated value and it is too late after the trial to introduce a new claim.

With respect to the trespass on the Green tract, it is admitted that some timber was cut by the defendants. They alleged however that this was done by mistake, they being in ignorance of the exact location of the line. It was in evidence that they endeavored to find the line and applied to Huseman as a former owner, to show them where it was, and that they acted in the honest belief that they were working on the Huseman tract. Their claim of good faith was sustained by the court and the measure of damage was therefore correctly applied.

The assignments are overruled and the judgment affirmed.